## THE NEW ORLEANS CANAL AND BANKING COMPANY *v.* MORGAN.

Reasonable diligence to ascertain the residence of an endorser of a bill or note, is all that is necessary to excuse a failure to address the notice to the proper office; it is not required that the diligence should be successful.

Sec. 3 of the stat. of 13 March, 1827, does not make it necessary that notice of protest should be addressed to the place where the note or bill was drawn, when the information obtained by the notary as to the residence of the endorser was of a character to create a reasonable belief of its correctness.

APPEAL from the District Court of Carroll, *Selby,* J. *Thomas* and *Snyder,* for the plaintiffs. *Prentiss* and *Finney,* for the appellant. The judgment of the court was pronounced by

SLIDELL, J. The defendant is sued upon a note, dated at Monroe, Louisiana, and payable at Alexandria, on the 18th March, 1843, made by *Bry* to the order of the defendant, and endorsed by him, and by *Jonathan Morgan.* At the date of maturity, and during four years previous, the appellant was living in the parish of Carroll. In that parish there were two post offices, one at Pecan Grove, and one at the town of Providence, the seat of justice of the parish. *Morgan's* residence was twelve miles from Providence and four miles from Pecan Grove, which lies on the mail route between Alexandria and Providence. It is also proved that the appellant did not resort for his letters to the Providence office, but to that at Pecan Grove, and that letters addressed to him at Providence were not called for, and were sent, after the legal delay, by the post-master to Washington, as dead letters. The notice to the appellant was mailed by the notary at Alexandria, where the note was payable at bank, addressed to him at his domicil, near Lake Providence, parish of Carroll, La.

The town of Providence being near the lake of that name, and Providence being also the seat of justice of that parish, we must presume, under the address in question, that the letter went to the post office in that town, and consequently that the appellant cannot be considered as having actually received it.

The question upon which the cause turns is, whether, under the circumstances of the case, reasonable diligence was used to ascertain the proper mode of addressing the appellant. When the same claim was before us in the case of the *Canal Bank* v. *Bry,* 2 Ann. R. 306, we gave judgment as in case of non-suit, upon the ground that due diligence to ascertain the proper address

had not been satisfactorily shown. We have now further evidence before us <span style="float:right">New Orleans</span> which we will briefly state, before expressing an opinion upon the question of diligence.

*Chew,* the cashier, who was not examined on the question of notice at the former trial, states that *Oliver J. Morgan* and *Jonathan Morgan,* the endorsers, were formerly residents of the parish of Ouachita, and had removed to the parish of Carroll, and resided somewhere in the neighborhood of Lake Providence, and he so informed the notary. Being asked if he had sought information, from the most likely sources within his knowledge or reach, of the name and location of the proper post-office to which to address notice of the protest to the defendant, so as to insure its reaching with the least possible delay, he replied : " Witness did make inquiry *from those whom he thought should know, and, among others,* from Mr. Hyams, whose frequent visits to the Ouachita country, (he having a plantation there,) induced witness to believe that he knew where the endorsers resided." In answer to the interrogatory—" Was, or was not, the name or location of the nearest post-office to his actual residence at the time known to you," he answered that, he had no personal knowledge, and the information which he acquired was that the residence of the endorsers was near Lake Providence, and that the post-office there was the nearest to their residence. *Hyams,* who was not examined on the former trial, states that the cashier and notary of the bank, called upon him to inquire about the residence of the *Messrs. Morgan,* and he informed them that they resided on their plantation, in the parish of Carroll, near Lake Providence; that he had no actual knowledge of the fact other than having been informed by many persons, and he thinks by the *Morgans* themselves, that their plantations were in the parish of Carroll, in the vicinity of Lake Providence ; that he had an intimate personal acquaintance with them, originating with their residence in Ouachita, but never had any personal actual notice of the exact location of their plantation in Carroll ; that from always hearing the names of those gentlemen and of their plantation spoken of coupled with Lake Providence, witness concluded that it was the nearest post-office to their residence ; that he gave the cashier and notary the benefit of his information, believing, and having reason to believe, it correct. The notary upon his examination states that, he made inquiry of the cashier and others. Being asked, " Was it known to you, or were you able to ascertain by the diligence and enquiry made by you, which was the nearest post-office to the place of residence of said endorsor," he replied : " I was not able to ascertain upon diligent enquiry any further information than that they resided in the parish of Carroll, in the vicinity, or near, Lake Providence, and made and forwarded the notices of protest accordingly." -

No exception was taken either to the interrogatories propounded to these witnesses, or to their answers as given. These answers satisfactorily show, what was left in doubt by the testimony in the previous cause, that efforts were made to ascertain the nearest post office, and proper address. The notary expressly states that his inquiry was diligent, to which testimony no exception was suggested. *Chew's* testimony shows that he sought information from various ous sources ; and the whole tenor of the evidence above stated, aided by other circumstances proved, establishes reasonable diligence on the part of the plaintiffs. The law does not require that the diligence should be successful. See *Somerville* v. *Young, ante* p. . Bailey on Bills, 281. *Catskill Bank* v. *Shell,* 15 Wendell, 367. 3 Kent's Commentaries, 107. *Bank of Utica* v. *Davidson,* 5 Wendell, 589.

NEW ORLEANS   It is proper to observe that, the maker of the note lived a hundred miles
CANAL AND
BANKING COM-  from Alexandria; and there is nothing in the evidence from which it can be
PANY          inferred that the notary could have obtained more accurate information.   It is
*v.*
MORGAN.       said that notice should have been sent addressed to Monroe; and the appellant
relies on the 3d section of the act of 13 March, 1827, which directs that when
the residence of any such drawer, endorser, &c., shall be unknown to the
notary, and shall not have been found after due diligence, it *shall* be the duty
of the notary to address notice to the place where the bill or note was drawn.
These words are claimed by counsel as imperative.   Whether the statute in
this particular has made any change in the commercial law, it is not necessary
to decide.   Here the fact was indisputably ascertained that the endorser resided,
not at Monroe, but in the parish of Carroll; and the information obtained by
the notary was of such a character as to create a reasonable belief that the
notice was properly addressed.                          *Judgment affirmed.*